IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION



| UNITED STATES OF AMERICA, | : | CASE NO. 3 20 cr 51 |
|---|---|---|
| Plaintiff, | : | J. COLE |
| v. | : | |
| KEVIN A. KOVACS, | : | **INDICTMENT**<br>18 U.S.C. §§ 2251(a) and (e)<br>18 U.S.C. §§ 2252(a)(1) and (b)(1) |
| Defendant. | : | 18 U.S.C. §§ 2252(a)(2) and (b)(1)<br>18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) |
| | : | 18 U.S.C. §§ 1512(b)(3) and (c)(2)<br>**FORFEITURE** |
| | : | |

**THE GRAND JURY CHARGES THAT:**

### COUNT 1
### [18 U.S.C. §§ 2251(a) and (e)]

On or about March 13, 2015, while in the Southern District of Ohio, the defendant, **KEVIN A. KOVACS**, knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely, "Minor A," to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and attempted to do so, and the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

All in violation of 18 U.S.C. §§ 2251(a) and (e).

### COUNT 2
### [18 U.S.C. §§ 2251(a) and (e)]

On or about March 22, 2015, while in the Southern District of Ohio, the defendant, **KEVIN A. KOVACS**, knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely, "Minor A," to engage in sexually explicit conduct for the purpose of producing a visual

depiction of such conduct, and attempted to do so, and the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

All in violation of 18 U.S.C. §§ 2251(a) and (e).

## COUNT 3
### [18 U.S.C. §§ 2251(a) and (e)]

On or about April 2, 2015, while in the Southern District of Ohio, the defendant, **KEVIN A. KOVACS**, knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely, "Minor A," to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and attempted to do so, and the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

All in violation of 18 U.S.C. §§ 2251(a) and (e).

## COUNT 4
### [18 U.S.C. §§ 2252(a)(2) and (b)(1)]

On or about May 13, 2019, while in the Southern District of Ohio, the defendant, **KEVIN A. KOVACS**, knowingly distributed a visual depiction using any means or facility of interstate and foreign commerce that had been mailed, shipped and transported in and affecting interstate and foreign commerce, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct.

In violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).

## COUNT 5
## [18 U.S.C. §§ 2252(a)(2) and (b)(1)]

On or about May 14, 2019, while in the Southern District of Ohio, the defendant **KEVIN A. KOVACS**, did knowingly receive at least one matter which contained a visual depiction that had been mailed, shipped and transported in and affecting interstate and foreign commerce, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct.

In violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).

## COUNT 6
## [18 U.S.C. §§ 2252(a)(1) and (b)(1)]

Between on or about April 21, 2015 and continuing through on or about July 11, 2017, while in the Southern District of Ohio, the defendant **KEVIN A. KOVACS**, did knowingly transport or ship at least one matter which contained a visual depiction that had been mailed, shipped and transported in and affecting interstate and foreign commerce, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct.

In violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).

## COUNT 7
## [18 U.S.C. §§ 2252(a)(1) and (b)(1)]

Between on or about February 22, 2019 and continuing through on or about August 26, 2019, while in the Southern District of Ohio, the defendant **KEVIN A. KOVACS**, did knowingly transport or ship at least one matter which contained a visual depiction that had been mailed, shipped and transported in and affecting interstate and foreign commerce, by any means including

by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct.

In violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).

## COUNT 8
## [18 U.S.C. §§ 2252(a)(1) and (b)(1)]

On or about October 8, 2019, while in the Southern District of Ohio, the defendant **KEVIN A. KOVACS**, did knowingly transport or ship at least one matter which contained a visual depiction that had been mailed, shipped and transported in and affecting interstate and foreign commerce, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct.

In violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).

## COUNT 9
## [18 U.S.C. §§ 2252(a)(4)(B) and (b)(2)]

On or about December 19, 2019, while in the Southern District of Ohio, the defendant **KEVIN A. KOVACS**, did knowingly possess one or more matters which contained a visual depiction that had been mailed, shipped and transported in and affecting interstate and foreign commerce, by any means including by computer, and the production of such visual depiction involved the use of prepubescent minors engaging in sexually explicit conduct, and the visual depictions are of such conduct.

In violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

## COUNT 10
## [18 U.S.C. §§ 1512(b)(3) and (c)(2)]

Between on or about June 24, 2019 and continuing through on or about June 28, 2019, while in the Southern District of Ohio, the defendant **KEVIN A. KOVACS**, did knowingly

intimidate, threaten or corruptly persuade another person and/or attempted to do so, or engaged in misleading conduct toward another person with the intent to hinder, delay and prevent the communication to a law enforcement officer or judge of the United States, of information relating to the commission of a Federal offense; and corruptly obstructed, influence, or impeded any official proceeding, or attempted to do so.

In violation of 18 U.S.C. §§ 1512(b)(3) and (c)(2).

## **FORFEITURE ALLEGATION**

Upon conviction of any offense alleged in Counts 1 through 9 of this Indictment, the defendant, **KEVIN A. KOVACS**, shall forfeit to the United States pursuant to 18 U.S.C. § 2253(a): (1) any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Chapter 110 of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18 of the United States Code; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense(s); and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s) or any property traceable to such property, including but not limited to:

- Apple iPhone X, Model A1901, IMEI 359405089251605;
- HP laptop S/N 8CG64930GF; and
- Apple iPad, black/silver, S/N concealed within device.

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b), to seek forfeiture of any other property of the defendant, up to the value of the property described above.

A TRUE BILL

/S/
FOREMAN

DAVID M. DEVILLERS
United States Attorney

DWIGHT K. KELLER
Assistant United States Attorney