IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:20-CR-51 |
| Plaintiff, | : | **HONORABLE DOUGLAS R. COLE** |
| vs. | : | |
| KEVIN A. KOVACS | : | **REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION OF** |
| Defendant. | : | **MOTION TO SUPPRESS** |

_____

Now comes the Defendant, **KEVIN A. KOVACS,** by and through his undersigned counsel, and hereby respectfully moves this Honorable Court to suppress and exclude any and all evidence, including derivative evidence, obtained by way of search warrant, including, *inter alia*, the search warrants executed upon Mr. Kovac's residence and electronic devices.

A Memorandum in Support is attached hereto.

                                                        Respectfully submitted,

                                                        */s/ Jon Paul Rion*
                                                        **JON PAUL RION (#0067020**)
                                                        **RION, RION & RION, L.P.A., INC.**
                                                        130 West Second Street, Suite 2150
                                                        P. O. Box 10126
                                                        Dayton, Ohio  45402
                                                        (937) 223-9133
                                                        (937) 223-7540 Fax
                                                        info@rionlaw.com

## **MEMORANDUM IN SUPPORT**

**A. The Government Failed to Present a Compelling Argument Addressing the Execution of Search Warrant #2 Outside The Scope Of Its Jurisdiction.**

The first argument raised in the motion to suppress, specifically, that Search Warrant #2 was executed outside its authorized jurisdiction and all evidence seized and searched, as a result, must be suppressed, is glossed over in the Government's response. The search warrant for the Apple iPhone X ("iPhone") specifically authorized law enforcement to execute the search warrant in the territorial jurisdiction of Greene County, Ohio, but lacked authority to permit the Apple iPhone X to be transported to Montgomery County, searched again in Montgomery County, transported to Quantico Virginia, and searched for a third time, outside the permitted, authorized jurisdiction of the search warrant.[1] A judicial officer in one district is generally without authority to issue a search warrant for property in another district. United States v. Bailey, 193 F.Supp.2d 1044, 1051 (S.D. Ohio 2002). The Fourth Amendment protects against unreasonable searches and seizures. See, e.g., United States v. Ramirez, 523 U.S. 65, 71, 140 L. Ed. 2d 191, 118 S. Ct. 992 (1998) (stating that a reasonableness standard governs the execution of warrants).[2] The removal of property from one district to another is improper and unreasonable, thus it should not be authorized. 193 F.Supp.2d 1044.

---

[1] The Government's Statement of Facts incorrectly states that "[a]n initial forensic examination of these three iPhones was preformed by Detective Robert Bell of the West Carrollton PD." (DOC#30, 3). The first examination was done in Green County, as designated by the search warrant before it was sent to the West Carrolton PD in Montgomery County.

[2] The standard propagated by the Government that the Fourth Amendment applies when "the moving party establishes both subjective and reasonable expectation of privacy in the area to be searched, or in the evidence to be seized" is properly used when evaluating an expectation of privacy issue. Minnesota v. Carter, 525 U.S. 83,91(1998).

The Government asserts that, "[a] magistrate's decision to issue a search warrant is traditionally afforded great deference." (DOC#30, 6) quoting *Illinois v. Gates*, 462 U.S. at 238-39. The accounts identified by National Agencies provided "IP addresses listed in **Fairborn**, Green County, Ohio," a "listed telephone number that returned to… **Fairborn**," Green County, Ohio, and a "listed email address" connected to "his [defendants] **Fairborn**," Green County, Ohio residence. (DOC#30, 7) *emphasis added*. Thus, the search warrants specifically authorized law enforcement to execute the search warrants in the territorial jurisdiction of Greene County Ohio. However, a police officer may not execute a search warrant outside his territorial jurisdiction. *State v. Harrison*, 20 Ohio Misc. 282; 26 Ohio Jurisprudence 3d (1981) 260, Criminal Law, Section 527 (1969). The legislature has intended that the search warrant be executed by police officers in the area of their respective territorial jurisdiction by indicating that warrant shall be directed to a proper officer R.C. 2933.24; *State v. Harrison,* supra.

*Riley v. California,* cited by the Government, provides that "law enforcement officers generally must secure a warrant before searching digital information stored on an arrestee's cell phone;" however, this case does not address territorial jurisdiction issues or the scope of a warrant, or further, where the digitally stored information is permitted to be searched, and by who. 134 S.Ct. 2473, 2485 (2014). It lacks any scope parameters. More applicable information is provided in *State v. Jacob*, where a police detective sought and obtained a search warrant in Montgomery County to search a defendant's home in California. Due to the Green County Court's lack of jurisdiction to issue an out-of-state warrant, all evidence seized in the search of the home was suppressed on the basis that the warrant was unlawfully executed. Further, the good faith exception to the exclusionary rule, which could allow the introduction of evidence

wrongfully obtained, is not applicable to the Greene County Courts issuance of the warrant because the constitutional violation rendered the suppression automatic. *State v. Jacob*, 185 Ohio App.3d 408, 2009-Ohio-7048, 924 N.E.2d 410, ¶ 1 (2d Dist.) (reversed and remanded).

### B. The Good Faith Exception Is Inapplicable.

If the Court accepts the Government's argument that "[o]nce a federal criminal court has determined that Fourth Amendment standards have been complied with, no state court or state case law can override that determination. (DOC#30, 8)" the Court would be rendering the State Constitution inapplicable to a State issued search warrant, which goes against the principals of justice. Further, such reasoning would eradicate the application of the State case law, which governs State-issued search warrants. The Government itself concedes in the present case that Search Warrant #2 was a State issued search warrant, and by that very admission, the warrant would be subject to State law analysis.

The Government relies on *Mars v. Mounts* to assert that "[f]ederal courts are deemed the final arbiters of the scope of all federal constitutional rights" (DOC#30, 6). The double jeopardy issue addressed in Mars is inapplicable in this case and is incapable of overcoming the Ohio Constitution, which provides further protection than the 4th Amendment and backs state search warrants that are ultimately governed by Ohio Rev. Code § 2933.21, et seq., and Ohio R. Crim P. 41. Moreover, the Government highlights that "both warrant applications were fully supported by detailed sworn affidavits prepared by Detective Hartwell that established the predicate probable cause." (DOC#30, 6). Importantly, the Government's affidavit fails to make clear or even mention that the affidavit was drafted with the assistance of FBI Agent Kinzing,

and furthermore, entirely omits the first attempt of sending the investigation to the police in October of 2019 in its declaration of a "detailed chronological background" (DOC#30, 7).

Instead, the Government shifts the level of FBI involvement throughout its brief to better suit its narrative. When confronted with incontrovertible and inconvenient Ohio laws, the Government proclaims the superiority of federal law. The final argument asserted in its brief that "[t]he FBI properly relied upon search warrant #2 to search the apple iPhone x10" contradicts the statement of facts wherein the Government implies that the FBI search was done as a service for the State investigation, because it afforded "[a] more sophisticated follow-up forensic analysis [ ] performed by the FBI's Laboratory in Quantico, Virginia… [u]pon completion of the FBI examination, the return… was filed." (DOC#30, 3). The reasoning proposed by the Government here is that the Government was both incidentally involved and then substantively involved in the drafting and execution of the warrant. The Government cannot claim that law enforcement reasonably relied on the warrant because the affidavit omits vital information regarding its origin and drafting.

Importantly, the specific purpose of the exclusionary rule is to deter perceived police misconduct. Defense counsel contends that Greene County law enforcement unreasonably relied on the Greene County issued search warrant to be executed and searched in Montgomery County, and eventually, by the FBI, outside of Greene County, because Search Warrant #2 was authorized only to be searched and executed in Greene County, and law enforcement, including the FBI who assisted in the drafting of the search warrant, should have known this. Therefore, the Government's assertion that "the FBI played no substantive role in either obtaining or

executing either warrant" is inaccurate. The good-faith exception does not apply to a warrant executed outside its permissible scope or jurisdiction.

### C. A Probable Cause determination must be based on the nexus between the alleged crime, the objects to be seized, and the place to be searched.

The Supreme Court of Ohio highlighted that, "[w]hile a probable-cause determination for an arrest warrant is similar in nature to that for a search warrant, a search-warrant inquiry is much more complex and presents special considerations." at ¶ 34, citing 2 *LaFave*, Search and Seizure, Section 3.1(b) (5th Ed.2012).5 A probable cause determination for a search warrant requires special considerations, including how stale the information relied upon is when the facts relied upon occurred, and whether there is a nexus between the alleged crime, the objects to be seized, and the place to be searched. *State v. Young*, 10th Dist. Franklin No. 18AP-845, 2019-Ohio-4639, ¶ 1. "When considering whether a nexus exists between the alleged crime and the place to be searched, 'the circumstances must indicate why evidence of illegal activity will be found in a particular place.'" *State v. Phillips*, 10th Dist. No. 15AP-1038, 2016-Ohio-5944, ¶ 14, quoting United *States v. Washington*, 380 F.3d 236, 240 (6th Cir.2004), quoting *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir.2004). By contrast, "when 'the only evidence of a connection between illegal activity and the residence is unreliable, such as uncorroborated statements by a confidential informant, then a warrant may not issue allowing the search of the residence.'" *Phillips* at ¶ 14, quoting *Gunter* at 419. The affidavit provided by Detective

Hartwell for the first search warrant speaks in generalities and fails to explain the timeline implemented to assert probable cause.[3]

For a search warrant to be valid, it is axiomatic that probable cause must exist *at the time* the warrant is sought (emphasis added). The supporting affidavit must "contain some information that would allow the magistrate to independently determine that probable cause presently exists-not merely that it existed at some time in the past." *State v. Lee*, 1st Dist. Hamilton No. C-070056, 2008-Ohio-3157, ¶ 4-6. The police department diluted the temporal relevance of the wrongdoing by waiting months to act upon the investigation after it was passed to them in October from ICAC. (*Id*. 24 – 25).  Search warrant challenges based on temporal limitations or the absence of a date limitation may render a warrant overbroad or insufficiently particular. See *United States v. Ford*, 184 F.3d 566, 576 (6th Cir.1999) ("Failure to limit broad descriptive terms by relevant dates, when such dates are available to the police, will render a warrant overbroad.").

Therefore, there *must* be some indication of a timeframe between the day/place/location to be searched and the alleged criminal activity. *State v. Young*, 10th Dist. Franklin No. 18AP-845, 2019-Ohio-4639, ¶ 18-19 (emphasis added). Here, there is no timeframe to day/place/location of alleged criminal activity. Were this Court to accept the Government's position and overrule the motion to suppress, the Court would be setting a precedent allowing

---

[3] The Government also fails to provide a clear timeline. It also fails to even mention that the investigation was sent to Detective Hartwell in October 2019 as the December 2019 date is the only date listed following the description of the affidavits as "detailed chronological background." (DOC#30, 7)

Federal Agencies such as the FBI to cherry-pick state investigations, ignore state laws, and be arbiters of the Constitutional law.

**CONCLUSION**

Wherefore, Defense Counsel prays this Honorable Court grant Mr. Kovac's Motion to Suppress.

Respectfully submitted,

*/s/ Jon Paul Rion*
**JON PAUL RION (#0067020**)
**RION, RION & RION, L.P.A., INC.**

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a copy of the foregoing was sent to the Office of the United States Attorney on the same day of filing.

*/s/ Jon Paul Rion*
**JON PAUL RION (#0067020)**
**RION, RION & RION, L.P.A., INC.**