IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | : | Case No. **3:20-cr-051** |
| Plaintiff, | : | **JUDGE MICHAEL J. NEWMAN** |
| vs. | : | |
| **KEVIN A. KOVACS,** | : | **THE UNITED STATES' SENTENCING MEMORANDUM** |
| Defendant. | : | |

Now comes the United States by and through the undersigned counsel with its Sentencing Memorandum in the above captioned case.

        Respectfully submitted,

        KENNETH L. PARKER
        United States Attorney

        s/Dwight K. Keller
        DWIGHT K. KELLER (0074533)
        Assistant United States Attorney
        Attorney for Plaintiff
        Federal Building
        200 West Second Street, Suite 600
        Dayton, Ohio 45402
        (937) 225-2910
        Fax: (937) 225-2564
        Dwight.Keller@usdoj.gov

## STATEMENT OF THE CASE

On June 2, 2020, a Grand Jury sitting in Dayton, Ohio returned a 10-count indictment against the defendant **KEVIN A. KOVACS**. (Doc. #23). Counts 1, 2 and 3 charged the defendant with production of child pornography in violation of 18 U.S.C. §§ 2251(a) and (e). Count 4 charged the defendant with distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1); Count 5 charged the defendant with receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1); Counts 6, 7 and 8 charged the defendant with transportation of child pornography in violation of 18 U.S.C. §§ 2252(a)(1) and (b)(1); Count 9 charged the defendant with possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2); and Count 10 charged the defendant with witness tampering in violation of 18 U.S.C. §§ 1512(b)(3) and (c)(2). On February 14, 2022, the defendant pled guilty to Counts 6 and 9 of the indictment pursuant to a written plea agreement. (Doc. #60). This plea agreement included a Rule 11(c)(1)(C) provision wherein the parties agreed to recommend to the Court that a sentence of between 60 and 240 months be imposed. Final sentencing in this case is currently scheduled for July 28, 2022.

## LAW AND ARGUMENT

I.    **SENTENCING**

    A.    **A Guidelines Sentence is a Presumptively Reasonable Designed to Achieve the Objectives of 18 U.S.C. § 3553(a).**

The Sentencing Guidelines are merely advisory in federal courts. United States v. Booker, 543 U.S. 220 (2005). See also, United States v. Ibarra-Hernandez, 427 F. 3d 332 (6th Cir. 2005). District courts enjoy enhanced discretion in fashioning appropriate sentences for criminal defendants. United States v. Jackson, 408 F. 3d 301, 304 (6th Cir. 2005). Booker, requires an acknowledgment by the district court of the defendant's applicable Guidelines range as well as a

2

discussion of the reasonableness of any variation from that range. Jackson at 305. Ultimately, Booker requires sentences imposed by the district court to be reasonable. Id. at 304.

In Rita v. United States, 551 U.S. 338 (2007), the Supreme Court held that courts of appeals may apply a presumption of reasonableness in reviewing sentences handed down within the properly calculated Guidelines range. Id. at 347.

**B.     Current Sentencing Practice**

In imposing sentences post-Booker, district courts are required to independently evaluate each of the 18 U.S.C. § 3553(a) factors. The advisory sentencing Guidelines calculation is but one of these factors. The district court is tasked with imposing a sentence *sufficient, but not greater than necessary* consistent with 18 U.S.C. § 3553(a) factors of sentencing. Congress has legislated that no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a district court may receive and consider for the purpose of imposing an appropriate sentence. *See* 18 U.S.C. § 3661.

**C.     The Sentencing Guideline Range in This Case.**

In subject case, the Presentence Investigation Report (PSR) determined the defendant has a criminal history category of I, and a total offense level of 39. PSR ¶¶ 73, 76. As such, the PSR calculated the advisory Guideline range to be 262-327 months. Pursuant to paragraph 7 of the written plea agreement, the parties stipulated that neither the enhancement for "pattern of abuse" under U.S.S.G. § 2G2.2(b)(5) nor the enhancement for "obstructing justice" under U.S.S.G. § 3C1.1 should apply. (Doc. # 60). Assuming the Court accepts this stipulation, the total offense level would be reduced to a level 34, resulting in a corresponding advisory sentencing Guideline range of 151-181 months.

3

## II. ANALYSIS OF THE SENTENCING FACTORS

**A. 18 U.S.C. § 3553(a) (1): The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.**

**1. Nature and Circumstances of Offense.**

Without question, society views child pornography as a vile and heinous crime. Mention the term to your average American and he responds with immediate disgust and a sense of unease. Congress noted that its "legislation [was] designed to eliminate the exploitation of children in pornographic materials" and "to increase the deterrent effect." *See* S. Rep. 95-438, reprinted in 1978 U.S.C.C.A.N. 40, 41 and 55.

As part of his guilty plea, the defendant readily admits to the allegations of transportation and possessing child pornography as set forth in Counts 6 and 9. The nature, content and quantity of the child pornography associated with this case is nothing less than stunning. The PSR provides a graphic description of the precise nature of the materials. *See* PSR ¶¶ 19-38. As set forth in the statement of facts attached to the defendant's plea agreement he admitted to the following acts:

> *"During the approximate time period April 21, 2015, through July 11, 2017,* **KOVACS** *uploaded more than 300 images and more than 2,200 videos each depicting child pornography into his Dropbox account." …. "In total, as of December 19, 2019.* **KOVACS** *possessed, received, distributed, and/or produced more than 780 images and more than 5,100 videos depicting child pornography."* (Doc. #60).

The PSR further details the defendant's personal contact with three minor females, to wit: Minor A (a 17-year old female living in Canada); Minor B (a 16-year old female from Ohio); and Minor C (a Hispanic female minor from South America he a met while she was attending Beavercreek High School as a foreign exchange student). *See* PSR ¶¶ 22, 27-35.

A thorough review of the dozens of victim impact statements submitted in this case paints a shocking portrait of how the child pornography victims associated with this case suffered emotional and social trauma likely to last a lifetime. PSR ¶¶ 39-50. The aftereffects include bouts

4

of PTSD, depression, shame, low self-esteem, suicidal thoughts, sleeping disorders, humiliation, anger, embarrassment, paranoia, self-loathing, isolation, loneliness, panic attacks, lack of self-confidence, an inability to forma and maintain normal healthy personal relationships, and an overall lack of trust in people and strangers. Representative quotations extracted from some of these victim impact statements include:

> *When justice isn't served for the victim, you feel as though the court has supported the criminal.*
>
> *The awareness that her sexual abuse is memorialized via the internet will be forever devastating.*
>
> *Our daughter will always be a victim each time another monster "enjoys" her videos.*
>
> *Knowing that I cannot retrieve the photos or videos, nor can I remove them from the internet and dark web makes me feel helpless and powerless.*
>
> *I will forever have to deal with the fact that someone is always looking at my images. My images from when I was only two years old.*

### 2. History and Characteristics of the Defendant.

The defendant is presently 60 years old having been born on October 11, 1961, in Topeka, Kansas. PSR ¶ 77. He graduated from Fairborn High School and completed college course work at Wright State University, Southern Illinois University and Bowling Green University. PSR ¶ 89. He served four years on active duty in the U.S. Air Force as a security policeman between 1984-88. PSR ¶ 790 He was employed as a police officer with the Beavercreek Police Department (BPD) from 1992 until his retirement in 2018. PSR ¶ 92. The last six years of his BPD career consisted as the Drug Abuse Resistance Education (D.A.R.E.) officer in the Beavercreek City Schools. *Id.* It was during his last three years with BPD that the defendant first began his involvement with child pornography. The defendant has been married to his current wife for 36 years. PSR ¶ 80. The couple have two adult children. *Id.*

5

      3.      **Defendant's Criminal History**

The defendant has no prior criminal history. PSR ¶¶ 74-76.

**B.**      **18 U.S.C. § 3553(a) (2): The need for the sentence imposed to (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from future crimes of the defendant; and (D) to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner.**

Those who traffic in or consume child pornography must be punished severely. *See* Osborne v. Ohio*,* 495 U.S. 103, 110 (1990). The effects child pornography has upon victims are often long-term. Not only is the original victimization damaging, but ongoing fears through a victim's life can exist. *See* Ethel Quayle et al., *Child Pornography and Sexual Exploitation of Children Online* 49 (2008). It is common for pedophiles to use pornography to groom their next victims. *Id.* at 24-25. It is not that a child is sexually assaulted as part of its production that makes child pornography so damaging, but also the fact that detailed and graphic images of the child's sexual assault or abuse are made available to millions across the globe. The harm is multiplied by the very size of the global marketplace. From the perspective of the victim whose image appears in child pornography, there is no meaningful difference between the creator, the viewers, or the distributors of pornographic images. They are all participants in a marketplace of child pornography as the Supreme Court acknowledged in New York v. Ferber, 458 U.S. 747, 753 (1982). Each of the participants inflict pain and suffering on the victims.

In subject case, the defendant's prior status as a local police officer is a disturbing aggravating factor. The fact he engaged in possessing and transporting child pornography while as the D.A.R.E. officer is even more troubling. Local D.A.R.E. officers are expected to serve as a positive role model for school age children. The defendant has compromised the integrity of the D.A.R.E. program along with the honor and reputation of the Beavercreek Police Department.

6

The defendant possessed more than 780 images and 5,100 videos of child pornography. Using the formula established in U.S.S.G. § 2G2.2, Application Notes § 6(B)(ii), this equates to over 383,280 pornographic images for sentencing Guidelines purposes.

District courts are required to impose a sentence that affords adequate deterrence, both specific and general.  *See* United States v. Camiscione, 592 F.3d 823, 834 (6th Cir. 2010). "Consideration of general deterrence is particularly important where the district court varies substantially from Guidelines. *See, e.g.,* United States v. Aleo, 681 F.3d 290, 300 (6th Cir. 2012) (explaining that the greater the variance, the more compelling the justification based upon § 3553(a) factors must be).  Where a district court views a particular crime's seriousness appears at odds with that of Congress and the Sentencing Commission, it is required to explain how its sentence affords adequate general deterrence. United States v. Musgrave, 2014 FED App. 0168P at **8 (6th Cir. July 31, 2014); Camiscione, 591 F.3d at 834.

**C.   18 U.S.C. § 3553(a)(3) and (4):  Kinds of sentences available; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines**.

The district court is required to consider the sentencing range established by the Guidelines. Although advisory, the Guidelines remain "the starting point and initial benchmark" in determining whether a particular sentence is "sufficient but not greater than necessary" to achieve the purposes of sentencing.  Gall v. United States, 552 U.S. 38 at 49 (2007); United States v. Bistline, (Bistline II), 720 F.3d 631, 633 (6th Cir. 2013).

In subject case, the Probation Officer determined an advisory Guidelines sentence of 262-327 months.  Due to the parties' prior stipulation, the U.S.S.G. § 2G2.2(b)(5) "pattern of abuse" and U.S.S.G. § 3C1.1 "obstructing justice" enhancements should not apply. (Doc. # 60).  As such,

the defendant's adjusted advisory sentencing Guideline range should be calculated at 151-181 months.

Count 6 requires a mandatory minimum sentence of 60 months up to a maximum of 20 years. Count 9 requires a maximum sentence up to 20 years. To date, the defendant has remained in pretrial custody since his arrest on December 19, 2019. The defendant's decision to plead guilty saved both the United States and the Court valuable time and resources by avoiding a lengthy and complicated multi-week jury trial. The defendant's acceptance of responsibility additionally dispensed with the necessity of requiring child victims to testify at trial. Considering all the underlying facts and circumstances of this case and the various 18 U.S.C. § 3553(a) factors of sentencing, the United States believes that a total sentence of <u>181 months</u> is sufficient but not greater than necessary.

**D.    18 U.S.C. § 3553(a) (5)  Any pertinent policy statement issued by the Sentencing Commission . . . subject to any amendments made to such policy statement by act of Congress.**

None.

**E.    18 U.S.C. § 3553(a) (6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**.

18 U.S.C. § 3553(a) (6) lists as one of the factors the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. The Sixth Circuit in <u>United States v. Simmons</u>, 501 F.3d 620, 623 (6th Cir. 2007) explained that 18 U.S.C. 3553(a)(6) is a requirement of the need to avoid unwarranted sentencing disparities concerns *nation-wide* disparities. The Court went on to describe the Guideline range as "good evidence of the national standard." <u>Id.</u>

Relevant to subject case, the U.S. Sentencing Commission Quick Facts Web Site, visit://www.ussc.gov/research/quik-facts, advises as follows:

8

(1) In FY 2020 1,023 child pornography cases were reported nation-wide;
(2) Of these cases, 72.9% of the defendants had little or no prior criminal history;
(3) 99.3% of child pornography offenders were sentenced to prison; and
(4) 30.6% of all child pornography offenders were sentenced within the guideline range.

## CONCLUSION

The United States respectfully asks that this Court impose a sentence of 181 months based upon the defendant's net offense level of 34/CHC I coupled with the Rule 11(c)(1)(C) provision contained in paragraph 7 of the plea agreement. (Doc. #60). Imposition of such a sentence is deemed "sufficient, but not greater than necessary" to reflect the seriousness of the offense committed, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public and avoid disparity in sentencing. As such, the United States respectfully recommends this Honorable Court impose this sentence upon the defendant in this case.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney


s/Dwight K. Keller
DWIGHT K. KELLER (0074533)
Assistant United States Attorney
Attorney for Plaintiff
200 West Second Street, Suite 600
Dayton, Ohio 45402
Office: (937) 225-2910
Fax: (937) 225-2564


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sentencing Memorandum was electronically served this 4th day of May 2022, upon the defense counsel of record.

s/Dwight K. Keller
DWIGHT K. KELLER (0074533)
Assistant United States Attorney