UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                                       Case No. 3:20-cr-51

vs.

KEVIN KOVACS,                               District Judge Michael J. Newman

    Defendant.

---

**ORDER: (1) SUSTAINING DEFENDANT'S OBJECTION TO PARAGRAPH 80 OF THE FINAL PSR (Doc. No. 67); (2) DENYING DEFENDANT'S REMAINING OBJECTIONS TO THE FINAL PSR (Doc. No. 67); (3) ORDERING THE PROBATION DEPARTMENT TO CHANGE THE MINOR SPELLING ERRORS IN PARAGRAPH 80 BY SUPPLEMENTAL ADDENDUM ON OR BEFORE AUGUST 22, 2022; (4) CANCELLING THE AUGUST 17, 2022 HEARING ON DEFENDANT'S OBJECTIONS TO THE FINAL PSR; AND (5) CONFIRMING THE SENTENCING HEARING FOR AUGUST 30, 2022 AT 2:00 p.m.**

---

This criminal case is currently set for sentencing on August 30, 2022. Defendant did not object to the Final Presentence Investigation Report ("Final PSR") on or before May 2, 2022, the date it was filed. Doc. No. 66 at PageID 563. Just over two months later, on July 8, 2022, Defendant filed his sentencing memorandum objecting—for the first time—to how the Probation Department calculated his sentence under the Sentencing Guidelines as contained in the Final PSR. Doc. No. 68 at PageID 575; *see* Doc. No. 69. Defendant raises four objections:

> [1.] Defendant objects to the information contained in paragraph 61[.]
>
> [2.] Defendant objects to the information contained in paragraph 28. This paragraph fails to mention that Defendant met Minor B on an adult dating website. Minor B indicated on her profile that she was over the age of 18 and therefore Defendant did not knowingly accept pictures/videos containing a minor.

> [3.] Defendant objects to the information contained in paragraph 30. The information in this paragraph is not relevant to the current case and the allegations contain absolutely no factual basis. Defendant objects to the information contained in paragraph 63 and the 5-point enhancement attached. Defendant met Minor B on an adult dating website where Minor B indicated that she was 19 years old. Therefore, there is no pattern of activity where the Defendant knowingly engaged in sexual abuse or exploitation of a minor and the 5-point enhancement should be removed.
>
> [4.] Defendant states there are minor spelling errors contained in paragraph 80. Defendant's daughter's name is incorrectly spelled. Her name should be Britney and not Britnee. Defendant's wife's maiden name is also incorrectly spelled and should be Hagen and not Hayden.

Doc. No. 68 at PageID 575.

In the Southern District of Ohio, a defendant has twenty-one days after receiving the presentence report to transmit objections to the Probation Department.  *See* Fed. R. Crim. P. 32(f); S.D. Ohio Crim. R. 32.1(c).  Defendant's untimely objections deprived the Probation Officer of an opportunity to address and resolve the objections before filing the Final PSR.  Doc. No. 69 at PageID 579 (citing Fed. R. Crim. P. 32(i)(1)(D); S.D. Ohio Crim. R. 32.1(h), (i)).  Because of this, the Court gave Defendant additional time—until August 1, 2022—"to clarify and meaningfully develop his objections to the Final PSR and show good cause for raising his objections for the first time in his sentencing memorandum."  *Id.*  (first citing *United States v. Small*, 988 F.3d 241, 257 (6th Cir. 2021); and then citing *United States v. Wales*, 68 F. App'x 575, 578 (6th Cir. 2003)).  The Court set a deadline for the Government to respond; set an objections hearing; and reset the sentencing hearing.  *Id.*

Defendant has not clarified his objections or requested additional time to do so.  Now, the Court returns to Defendant's objections as raised in his sentencing memorandum without the

2

briefing requested or any meaningful attempt at clarification or argumentation by defense counsel. These objections are denied on that basis and for the following reasons.

First, Defendant simply "objects to the information in paragraph 61 [of the PSR]." Doc. No. 68 at PageID 575. However, a defendant "must produce *some evidence* that calls the reliability or corrections of the alleged facts [in the PSR] into question." *Small*, 988 F.3d at 257 (emphasis in original) (quoting *United States v. Adkins*, 729 F.3d 559, 570 (6th Cir. 2013)). Defendant has neither produced nor referred to evidence challenging the reliability of the information in paragraph 61 of the Final PSR. Thus, his threadbare objection is **DENIED**.

Second, Defendant's objections to Paragraphs 28 and 63 are legally insufficient. While unclear, it appears he takes issue with the Probation Department's application of U.S.S.G. § 2G2.2(b)(5): a five-level enhancement "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." U.S.S.G. § 2G2.2(b)(5). Generally, Defendant argues that because he wrongfully believed that the minor in this case ("Minor A") was nineteen years old, then he did not "knowingly" exploit Minor A. Doc. No. 68 at PageID 575.

A pattern of activity includes "two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." U.S.S.G. § 2G2.2 at cmt. n(1). This applies even if the abuse did not "involve[] the same minor," nor "result[] in a conviction for such conduct." *Id.* The phrase "sexual abuse or exploitation" includes 18 U.S.C. § 2251, which punishes anyone who "employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." 18 U.S.C. § 2251(a).

3

An initial reason why Defendant's second objection fails is that he offers no evidence calling its reliability into question. He simply relies on his bare denial. *See, e.g.*, *United States v. Cover*, 800 F.3d 275, 278 (6th Cir. 2015) (*per curiam*). In addition, Defendant, in his plea agreement, admits that he "*knowingly* possessed . . . child pornography[.]" Doc. No. 60 at PageID 476 (emphasis added). His plea agreement noted that, through his Dropbox account, he controlled "more than 780 images and more than 1,500 videos containing child pornography." *Id.* at PageID 477. This amount included images of Minor A. *See* Doc. No. 66 at PageID 534 (unchallenged portion of the PSR recounting how images and videos of Minor A were in Defendant's Dropbox account).

Moreover, the uncontradicted portions of the PSR recount in vivid detail how Defendant coerced Minor A into producing pornography for him. *See, e.g.*, Doc. No. 66 at PageID 535 (discussing how the account on Defendant's computer "included 105 images and 43 videos depicting . . . the same female minor" and how "[m]ost of the video files appeared to be [Skype] recordings" from their conversations); *id.* at PageID 538 (recounting Defendant's discussion online "that he began talking to Minor A when she was 17-years and that she had some 'hot' pictures. He stated he and Minor communicated on Skype"); *id.* (stating how Defendant sent nude images of Minor to others and elaborated on "having sexual interest in female minors" in online messages); *id.* (listing how, after Minor A provided recordings to Defendant, he sent "packages" of "candy" to her).

Therefore, he admitted that he knowingly possessed images of Minor A. The PSR and plea agreement reflected this, along with his solicitation. *See, e.g.*, *United States v. Fleischer*, 971 F.3d 559, 569–70 (6th Cir. 2020) (applying enhancement where defendant coerced minor into sending sexually explicit images to him); *United States v. Coffin*, 946 F.3d 1, 7 (1st Cir. 2019)

4

(enhancement applied based in part on PSR's recitation of defendant's online messages that described his sexual abuse of minors); *United States v. Sommerville*, 276 F. App'x 903, 904–05 (11th Cir. 2008) (*per curiam*) (same). These unchallenged findings are reliable enough to impose this enhancement. *See United States v. Davis*, 751 F.3d 769, 778 (6th Cir. 2014). His objection claiming a lack of knowledge is, therefore, meritless, so it is **DENIED**.

Third, Defendant objects to paragraph 30, stating it is irrelevant. Doc. No. 68 at PageID 575. But paragraph 30 depicts how Defendant "sent images depicting nude minors to approximately three other Whisper account users, including a nude image of Minor A." Doc. No. 66 at PageID 538. It is relevant to consider whether Defendant transported child pornography because he pleads guilty to transporting child pornography. *See* Doc. No. 60 at PageID 469. Moreover, while he claims this allegation lacks a factual basis, absent any attempt to offer facts supporting his position, Defendant's objection is **DENIED**.

Finally, Defendant showed no good cause why he made these objections late. Fed. R. Crim. P. 32(i)(1)(D) permits late objections only on a showing of good cause. The Court does not find good cause here, considering the substantial prejudice "to adequately prepare for sentencing" these late objections impose on the Government and the Probation Department. *United States v. Angeles-Mendoza*, 407 F.3d 742, 749 (5th Cir. 2005); *cf. id.* at 749 n.11 (collecting cases weighing prejudice before permitting late filings on a good cause basis). Besides their factually deficient nature, Defendant's objections fail for this independent basis. *See, e.g.*, *Wales*, 68 F. App'x at 586 (district court could adopt the findings of fact in the PSR where objections were untimely and were made absent good cause); *see also, e.g.*, *United States v. Lindsey*, 827 F.3d 733, 737–38 (8th Cir. 2016) (same). Accordingly, they are **DENIED**.

5

Defendant offers a final objection to Paragraph 80, stating that his wife's maiden name and daughter's name are misspelled. The Court **SUSTAINS** this objection and **ORDERS** Probation to change the spelling errors by a supplemental addendum **on or before August 22, 2022**.

The hearing on Defendant's objections to the PSR is **CANCELLED**. Defendant's sentencing remains set for **August 30, 2022 at 2:00 p.m.**

**IT IS SO ORDERED.**

Date:  August 12, 2022                              s/Michael J. Newman
                                                                             Hon. Michael J. Newman
                                                                             United States District Judge