UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,                           Case No. 3:20-cr-51

vs.

KEVIN A. KOVACS,                  District Judge Michael J. Newman

      Defendant.

---

**ORDER: (1) DENYING DEFENDANT KEVIN KOVACS'S *PRO SE* MOTION TO REDUCE HIS SENTENCE (Doc. No. 97); (2) AND CONFIRMING THIS CASE REMAINS TERMINATED ON THE DOCKET**

---

Previously in this felony case, the Court accepted Defendant Kevin A. Kovacs's plea of guilty to possession of child pornography and transportation of child pornography.  Doc. No. 82 at PageID 624-25.  The Court sentenced him to two concurrent prison terms of 181 months followed by two concurrent 15-year terms of supervised release.  *Id*. at PageID 626-27.  Defendant is incarcerated at the Federal Correctional Institution Allenwood Low in Allentown, Pennsylvania.  *See* https://www.bop.gov/locations/institutions/alf (last visited Apr. 27, 2026).

The case is before the Court upon Defendant's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. No. 97),[1] to which the Government did not respond.

**I.**

Defendant seeks an Order reducing his sentence and permitting his compassionate release to home incarceration to enable him, in his words, to "re-enter society and become a hard working member and contributor to his church, community and society."  Doc. No. 97 at PageID 687.  He explains that if he is released to home incarceration, he would remain under significant control

---

[1] The Court liberally construes Kovac's *pro se* filings in his favor.  *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

particularly due to his sentence to a lengthy term of supervised release. *Id*. at PageID 701-02.

### A.  Section 3582(c)(a)(1)(A) and Administrative Exhaustion

Federal law generally prohibits a district court from "modifying a term of imprisonment once it has been imposed." *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) (quoting § 3582(c)(a)(1)(A)) (citation modified).  Despite this, a defendant may file, on his own behalf, a motion for compassionate release under § 3582(c)(1)(A). *See United States v. Alam,* 960 F.3d 831, 834-35 (6th Cir. 2020).  Prior to doing so, a defendant must fully exhaust his right to administrative relief with the Bureau of Prisons or by waiting 30 days after submitting a request for release to the warden of his facility. *See United States v. Harvey*, No. 23-5068, 2023 WL 5275091, at *2 (6th Cir. July 10, 2023); *United States v. Walton*, No. 2:18-cr-204-18, 2022 WL 950351, at *1 (S.D. Ohio Mar. 30, 2022).  The defendant bears the burden of showing he has exhausted his administrative remedies and is entitled to compassionate release. *United States v. Poole*, 472 F. Supp.3d 450, 455 (W.D. Tenn. 2020).

Defendant does not allege or provide evidence indicating he submitted a request for release to the BOP or the warden of his facility.  This failure to exhaust his administrative remedies defeats his motion for a reduced sentence and compassionate release. *See, e.g., Walton*, 2022 WL 950351, at *1.  Assuming, *arguendo* and in Defendant's favor, that he nonetheless fully exhausted his administrative remedies, the Court turns alternatively to his arguments under § 3582(c)(1)(A).

### B.      Compassionate Release and Section 3582(c)(1)(A)

"To qualify for compassionate release, a defendant must show that 'extraordinary and compelling reasons warrant such a reduction,' and the district court must consider the § 3553(a) sentencing factors to the extent they are applicable."[2] *United States v. Bass*, 17 F. 4th 629, 635

---

[2] A third requirement—"that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"—does not apply if an inmate, rather than the BOP, files the compassionate release motion. *United States v. Owens*, 996 F.3d 755, 759 n.2 (6th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Defendant filed the instant motions, so this requirement does not apply. *See id*.

(6th Cir. 2021) (first quoting 18 U.S.C. § 3582(c)(1)(A); and then *citing Ruffin*, 978 F.3d at 1004). Even if a defendant shows extraordinary and compelling reasons, "a district court may still deny relief if it finds that the 'applicable' § 3553(a) factors do not justify it." *Ruffin*, 978 F.3d at 1005. Further, "[e]ven when all [§ 3582(c)(1)(A)'s] conditions are met, the district court maintains discretion to grant or deny compassionate release." *United States v. Neidik*, No. 2:23-cr-00217, 2026 WL 775560, at *1 (S.D. Ohio Mar. 19, 2026) (citing *United States v. Jones*, 980 F.3d 1098, 1101-02, 1106 (6th Cir. 2020)).

"Section 3582(c)(1)(A) precludes a court from simply taking facts that existed at sentencing and repackaging them as 'extraordinary and compelling.'" *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021). "A court must first find that the facts of *the defendant's* personal circumstances changed after sentencing in a way that is 'extraordinary and compelling,' before a court is permitted to weigh (or revisit) the § 3553(a) factors." *Id*. at 569-70 (emphasis in original) (citing *Setser v. United States*, 566 U.S. 231, 243 (2012) (recognizing that § 3582(c)(1)(A) is triggered by "developments that take place after the [original] sentencing")). "Indeed, … defendants seeking compassionate release must show that their 'personal circumstances' have 'changed so that the district court should weigh the § 3553(a) factors differently than it had at the original sentencing.'" *Id*. at 570 (quoting *United States v. Navarro*, 986 F.3d 668, 672 (6th Cir. 2021)).

## II.

Defendant argues the following "extraordinary and compelling" reasons justify granting him compassionate release: (1) his behavior was aberrant; (2) his counsel provided ineffective assistance; (3) his mental health difficulties; (4) his incarceration farther than 500 driving miles from his home in violation of the First Step Act; (5) the disparity in his sentencing; (6) his rehabilitation; and (7) his home plan.  Doc. No. 97 at PageID 688-700.

Defendant's assertions, viewed alone or together, do not constitute extraordinary and

compelling reasons to show he should be granted compassionate release pursuant to § 3582(c)(1)(A).  Beginning with his self-described aberrant conduct, this fails to constitute an "extraordinary and compelling" reason under § 3582(c)(1)(A) because it rests on facts that existed at the time of his sentencing in April 2023.  *See Hunter*, 12 F.4th at 569.  His past purportedly aberrant conduct fails to show his personal circumstances "changed after sentencing in a way that is 'extraordinary and compelling[,]'" and thus cannot form the basis for compassionate release.  *Id.* at 569-70.  His reliance on any "sentencing disparities" fails for the same reasoning by pointing to historical matters that existed at the time of his sentencing.  *See id*. at 571-72*; see also Hunter*, 12 F.4th at 569.

Defendant's contentions regarding his mental health refer to his depression, which, he explains, began when he retired in 2018.  Doc. No. 97 at PageID 695-96.  This effectively acknowledges that his depression existed before his sentencing hearing and, consequently, it cannot be an extraordinary and compelling reason for compassionate release.[3]  *See Hunter*, 12 F.4th at 569.

Next, Defendant's assertion his counsel provided ineffective assistance must necessarily be based on events that occurred during or before his sentencing hearing and, consequently, cannot constitute an extraordinary and compelling reason.  *See id*.  Additionally, § 3582(c)(1)(A) is not the proper statutory vehicle for litigating post-conviction ineffective assistance of counsel claims.  *See United States v. Bass*, No. 21-1703, 2022 WL 16752876, at *1 (6th Cir. June 3, 2022) ("[A] compassionate-release motion is not the proper vehicle for raising claims regarding ineffective assistance of counsel"); *Spearman v. United States*, 43 Fed. App'x 906, 908 (6th Cir. 2002) ("[T]his court has consistently held that the proper vehicle for raising an ineffective assistance of

---

[3] This conclusion is bolstered by the absence of any allegation or evidence by Defendant indicating his depression, or some other possible mental health difficulties, changed or worsened after his sentencing hearing.  *See* Doc. No. 97 at PageID 695-96.

counsel claim is in a motion to vacate under § 2255"); *cf. United States v. McCall*, 56 F.4th 1048, 1058 (6th Cir. 2022) (en banc) ("[H]abeas is the appropriate place to bring challenges to the lawfulness of a sentence....  [W]e do not read 'extraordinary and compelling' to provide an end run around habeas").

As to Defendant's incarceration in a BOP facility farther than 500 driving miles from his home, he cites the website of FAMM, a fair justice and sentencing advocacy organization, https://famm.org/about, and the BOP's website.[4]  Neither citation refers to, or reveals, the existence of controlling case law or statutory language that mandates the BOP to place inmates within 500 driving miles of their homes.  *See* Doc. No. 97 at PageID 696-97.  Similarly, certain qualifying phrases ("as close as practicable…"; "to the extent practicable…") used in a BOP memorandum indicates the "500 driving miles" proximity restriction is aspirational not mandatory.  *See id*. at 697 (indicating the BOP "shall … subject to bed availability…, and other security concerns, place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable in a facility within 500 driving miles of that residence").  Perhaps most significantly, the BOP—not the Court—has the exclusive authority to designate where Defendant should be incarcerated.  *See United States v. Boylan*, No. 1:19-cr-251-19, 2026 WL 1101973, at *1 (N.D. Ohio Apr. 23, 2026) (citing 18 U.S.C. § 3621(b))[5]; *see also Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can *recommend* that the BOP place an offender in a particular facility or program.  But decision[-]making authority rests with the BOP" (emphasis in original))).  For all these reasons, while Defendant is understandably dissatisfied with his present distance from

---

[4] The BOP's website explains, "The Bureau attempts to designate inmates to facilities commensurate with their security and program needs within 500 driving miles of their release residence." https://www.bop.gov/inmates/custody_and_care/designations.jsp (last visited Apr. 30, 2026).

[5] Under §3621(b), a BOP finding that it is not practicable to incarcerate a defendant in a facility within 500 driving miles of his or her home "is not reviewable by any court."

home, the 500 driving miles proximity restriction is irrelevant to the § 3582(c)(1)(A) analysis and does not constitute an extraordinary and compelling reason for granting him compassionate release.

The final two reasons Defendant advances—his home plan and rehabilitation—are not extraordinary and compelling. Although Defendant's home plan for his post-release life, *see* Doc. No. 97 at PageID 700-01, may have some future relevance to the conditions of his supervised release, he points to no case or authority indicating a defendant's home plan is a consideration relevant to determining whether an extraordinary and compelling circumstance warrants compassionate release. *See id*. Defendant's rehabilitation arguments fair no better because "Congress was emphatically clear that [r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Hunter*, 12 F.4th 555, 572 (quoting 28 U.S.C. § 994(t)).

For the above reasons, Defendant has not established the existence of extraordinary and compelling reasons under § 3582(c)(1)(A) and, as a result, he is not eligible for compassionate release. *See, e.g.*, *Hunter*, 12 F.4th at 572 (reversing the district court's finding of extraordinary and compelling reasons). The Court alternatively considers next whether the sentencing factors in § 3553(a) warrant reducing his Defendant's sentence and granting him compassionate release.

## III.

Assuming, *arguendo*, Defendant has shown extraordinary and compelling circumstances, the § 3553(a) factors do not justify reducing his sentence or granting him compassionate release. This is due to the egregious nature and circumstances of his child-pornography related offenses and his characteristics, *see* Doc. No. 60 at PageID 476-77; Doc. No. 66 at PageID 533-39; and the need to promote respect for the law, afford adequate general and specific deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1), (2).

Considering Defendant's current reasons for seeking a reduced sentence and

6

compassionate release, the two that arguably fall under § 3553(a)'s sentencing factors—his purportedly aberrant conduct and sentencing disparities—do not alter the Court's prior application of the § 3553(a) factors at his sentencing hearing. Although Defendant describes his aberrant behavior and criminal conduct as "wildly out of character in his otherwise law-abiding life," and as a "brief meander into criminal activity" (Doc. No. 97 at PageID 689-91), this minimizes the reprehensible nature of his crimes, the harm to victims he caused, and the length of time he engaged in his crimes.

Setting that Guidelines calculation problem aside, his present descriptions of his crimes as "wildly out of character" and a "brief meander" are fully dispelled by the facts he agreed to in the stipulation attached to the parties' plea agreement. Doc. No. 60 at PageID 476-77. Those agreed facts show Defendant became involved with child pornography beginning in 2015 and continuing to at least January 2020. This was a lengthy time period. During just part of this time— approximately April 2l, 2015 through July 11, 2017—he "uploaded more than 300 images and more than 2,200 videos each depicting child pornography into [his] Dropbox account." *Id*. at PageID 476. His extensive involvement with child pornography is also readily apparent in the following agreed facts:

> [Defendant] utilized various online messenger, social media, cloud storage, and email accounts to distribute, receive, and possess child pornography files and to discuss the sexual exploitation of children. These accounts included the following: the email address key_kovy@yahoo.com, a Skype account with a user name ofkev.kovy, a Line messenger account with a user name of "Grampa Kewel", a Kik messenger account with the user name of "l_am_Drew", a Whisper messenger account with an account name of "Vovo", and two MeWe accounts with the profile names of "Key Kovy". [He] utilized a Dropbox account that was associated with the email address key_kovy@yahoo.com, an HP laptop computer, an iPhone X, and an iPad to store his child pornography files. In total, as of December 19, 2019, [he] possessed, received, distributed, and/or produced more than 780 images and more than 5,100 videos depicting child pornography.

*Id*. at PageID 476-77. Thus, his criminal conduct was neither "wildly out of character in his otherwise law-abiding life" nor a "brief meander into criminal activity[.]" *See id*. at PageID 476-

7

77. Additionally, revisiting the § 3553(a) sentencing factors, and considering Defendant's agreed facts in light of the alleged sentencing disparities he now points to, *see* Doc. No. 97 at PageID 698-99; the other reasons he now offers in support of his motion to reduce his sentence; and the record before the Court at his sentencing hearing, his sentence to two concurrent terms of 181 months in prison remains "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* § 3553(a); *cf. Bass*, 17 F.4th at 638 ("A sentence is substantively unreasonable when it is not proportionate to the seriousness of the circumstances of the offense and offender." (citation modified) (quoting *United States v. Schrank*, 975 F.3d 534, 536 (6th Cir. 2020)).

Accordingly, the § 3553(a) factors do not support granting Defendant a reduced sentence or compassionate release.

## IV.

For the above reasons, Defendant's motion to reduce his sentence is **DENIED**, and the case remains **TERMINATED** on the docket.

**IT IS SO ORDERED.**

May 12, 2026                                   s/*Michael J. Newman*
                                               Hon. Michael J. Newman
                                               United States District Judge

8